UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LEE SMITH,

                Petitioner,

vs.                         Case No.  2:10-cv-676-FtM-29SPC
                              Case No. 2:07-cr-22-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Robert Lee Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed on November 12, 2010.  (Cv. Doc. #1; Cr. Doc. #33.)[1]  The United States filed a Response asserting the motion should be dismissed on procedural grounds or, alternatively denied on substantive grounds.  (Cv. Doc. #8.)

**I.**

On January 24, 2007, a two-count Information (Cr. Doc. #12) was filed against Robert Lee Smith (petitioner).  Count One charged possession with intent to distribute five grams or more of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

---

[1]The Court will make reference to the dockets in the instant action and the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

841(b)(1)(B)(iii), and Count Two charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Petitioner waived indictment and on February 1, 2007, pled guilty to both counts pursuant to a written plea agreement. (Cr. Docs. ## 11, 14, 22.) At the May 7, 2007 sentencing, the Court determined petitioner qualified as a career offender under U.S. Sentencing Guidelines (U.S.S.G.) § 4B1.1. The Court found petitioner's Total Offense Level was 34, and granted a three level adjustment for the acceptance of responsibility, resulting in an Enhanced Offense Level of 31. (Cr. Doc. #39, p. 15.) This resulted in a guideline range of 262 to 327 months imprisonment. (Presentence Report (PSR) ¶ 40.) The Court sentenced petitioner to 180 months as to Count One and 60 months as to Count Two, to be served consecutively, for a total of 240 months imprisonment. (Cr. Doc. #28.) Petitioner was informed of his direct appeal right (Cr. Doc. #39, pp. 65-66), but did not file a direct appeal.

On November 20, 2008, petitioner filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence pursuant to an amendment to the U.S.S.G. relating to crack cocaine. (Cr. Doc. #31.) The Court denied the motion based on petitioner's status as a career offender. (Cr. Doc. #32.)

## II.

Petitioner's § 2255 motion asserts that petitioner is "actually innocent" of the career offender enhancement in light of the Supreme Court's decision in Johnson v. United States, 130 S. Ct. 1265 (2010), because his prior convictions for aggravated assault, aggravated battery, and escape no longer qualify as violent felonies. (Cv. Doc. ## 1-2.) The United States argues that the petition is untimely; that petitioner waived his right to attack his sentence in a collateral proceeding; that petitioner procedurally defaulted on his claim; that petitioner's challenge is not cognizable in this § 2255 proceeding; and that in any event petitioner is not entitled to relief on the merits of his claim. (Cv. Doc. #8.)

**A. Timeliness**

A § 2255 motion is ordinarily subject to the one year limitation period set forth in 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). Thus, a petitioner's motion must be filed within one year of the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner's judgment was filed on May 8, 2007. (Cr. Doc. #28.) Because petitioner did not file a Notice of Appeal, his conviction became final ten days later on May 18, 2007. Fed. R. App. P. 4(b)(1)(A)(i) (2007); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The one year period expired on May 18, 2008. Because petitioner's § 2255 Motion was not filed until November 10, 2010[2], Petitioner's motion is time-barred under 28 U.S.C. § 2255(f)(1).

Petitioner argues that his motion is timely under § 2255(f)(3) because it was filed within on year of the Supreme Court's decision in Johnson. Section 2255 grants a petitioner an additional one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

_____

[2]The motion is dated November 10, 2010, and in the absence of evidence to the contrary, the Court will presume the motion was delivered to prison authorities to be mailed on the same date. This is the date the motion is deemed filed. Houston v. Lack, 487 U.S. 266 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). <u>Johnson</u> was decided on March 2, 2010, and therefore petitioner's § 2255 motion was filed within this one year time period. <u>Dodd v. United States</u>, 365 F.3d 1273, 1281 (11th Cir. 2004)(Section 2255(f)(3) begins to run on the date the Supreme Court recognizes a new right and closes one year later). The government states that it does not contest that <u>Johnson</u> is retroactive to cases on collateral attack, and seems to concede (or at least does not contest) that petitioner has satisfied the other requirements of § 2255(f)(3). (Cv. Doc. #8, pp. 4-6.) While there is no Supreme Court or Eleventh Circuit precedent recognizing a new right under <u>Johnson</u> as retroactively applicable to cases on collateral review under § 2255(f)(3), the Court will accept the government's acquiescence for purposes of this case. As such, petitioner's § 2255 motion is timely filed under § 2255(f)(3).

## B. Waiver Provision

The United States argues that even if the motion is timely, petitioner is not entitled to relief because his written plea agreement contained an express waiver of the right to challenge the sentence in a collateral proceeding. (Cv. Doc. #8, pp. 6-7; Cr. Doc. # 14.) A waiver provision in a plea agreement is valid if made knowingly and voluntarily. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To establish that the waiver

was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Id.

The Plea Agreement provided that petitioner "expressly waives the right to appeal defendant's sentence **or to challenge it collaterally** on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, . . ." (Cr. Doc. #14, p. 13)(emphasis added). Three exceptions to this waiver were listed: Petitioner could appeal or challenge the sentence collaterally if: (a) his sentence exceeded the applicable guideline range as determined by the Court; (b) his sentence exceeded the statutory maximum penalty; or (c) his sentence violates the Eighth Amendment to the Constitution. (Id.) Additionally, petitioner was released from this waiver provision if the government appealed the sentence. (Id.)

At the change of plea colloquy, the following exchange took place between the Court and petitioner:

> THE COURT: Now, under some circumstances, you or the government has a right to appeal the sentence in your case, but in this case you've limited your rights to appeal by Page 13, the fifth paragraph, it talks about your appeal of sentence and waiver; and it says that you agree that the Court has the jurisdiction and the authority to impose any sentence, up to the statutory maximum, and that you're expressly waiving your right to

appeal your sentence, **or to challenge it collaterally** on any ground, including the ground that the Court erred in determining the applicable guideline range, except the ground that the sentence exceeds your applicable guideline range as determined by the Court, the ground that the sentence exceeds the statutory maximum penalty, or the ground that the sentence violates the Eighth Amendment to the constitution. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Now, if the government, though, exercises its right to appeal your sentence, do you understand that you're going to be released from that waiver, and you will also have a right to appeal the sentence?

THE DEFENDANT: Yes, ma'am.

(Cr. Doc. # 38, pp. 14-15)(emphasis added). The Court found that petitioner knowingly, voluntarily, and intelligently entered his plea of guilty to both counts. (Id. at 28.) It is clear from the record that petitioner's waiver of his ability to challenge the sentence collaterally was made knowingly and voluntarily.

Such a waiver precludes a defendant from challenging his sentence on collateral grounds under § 2255 unless one of the exceptions in the waiver provision applies. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). Petitioner's sentence was below the applicable guideline range as determined by the Court, it did not exceed the statutory maximum, and petitioner has not alleged an Eighth Amendment violation. Additionally, the government did not appeal the sentence. Therefore, petitioner's § 2255 claim was waived by his Plea Agreement.

## C. Procedural Default

The United States also asserts that petitioner's claim is procedurally defaulted because petitioner did not challenge the career offender designation on direct appeal.  The Court agrees.

A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion.  <u>Jones v. United States</u>, 153 F.3d 1305, 1307 (11th Cir. 1998).  Here, petitioner did not challenge the career offender designation on direct appeal. the procedural default may be excused, however, by a showing of cause and prejudice or a fundamental miscarriage of justice. "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."  <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011)(internal quotation marks and alterations omitted).  A defendant may also show a fundamental miscarriage of justice to overcome the procedural bar by demonstrating "actual innocence." <u>Id.</u>  Petitioner asserts actual innocence as his excuse for the procedural default.

The Eleventh Circuit has not recognized a claim of actual innocence in the context of challenges to non-capital sentences. <u>McKay</u>, 657 F.3d at 1196-97.  But even assuming that the actual-innocence exception can apply to non-capital sentences, a

petitioner must show that he is factually innocent of one of the prior convictions. McKay, 657 F.3d at 1197-98. In McKay, petitioner argued that he was erroneously sentenced as a career offender because one of his predicate convictions was no longer considered a "crime of violence." Id. at 1191, 1198. The Eleventh Circuit held that this was a claim of legal, rather than factual, innocence, and did not fall within the purview of the actual-innocence exception. Id. at 1198-99.

So too in this case. Petitioner only alleges that he is legally innocent of the enhancement because his underlying convictions are no longer considered crimes of violence. He does not allege factual innocence—i.e., that he did not commit the predicate offenses. Therefore, the actual-innocence exception does not apply and petitioner's claim is procedurally defaulted because it was not raised on direct appeal.

## D. Cognizability of Claim

The United States also asserts that petitioner's claim in not cognizable in a § 2255 proceeding. (Cv. Doc. #8, pp. 10-16.) The Eleventh Circuit has found that after McKay a claim of actual innocence because an underlying conviction is no longer considered a violent felony or crime of violence is not cognizable on collateral review. Eason v. United States, 2012 WL 1192831 (11th Cir. 2012). Therefore, petitioner's claim is not cognizable in a § 2255 proceeding.

**E.  Merits of Johnson Claim**

Finally, the United States argues that petitioner's claim lacks substantive merit.  The Court agrees, and in the alternative denies the § 2255 motion on the merits.

The core assertion in petitioner's motion is that he is "actually innocent" of the career offender enhancement because his prior convictions for aggravated assault, aggravated battery, and escape are not crimes of violence under Johnson, 130 S. Ct. 1265, Chambers v. United States, 555 U.S. 122 (2009), and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).[3]  (Cv. Doc. ## 1-2.) Even if the actual innocence exception applied in the non-capital sentencing context, petitioner's argument would fail because his convictions are still crimes of violence.

To qualify as a career offender under the U.S. Sentencing Guidelines, petitioner must have at least two prior felony convictions for either a "crime of violence" or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Petitioner does not contest the fact that he was convicted of each of the prior offenses, or that his prior felony conviction for delivery of cocaine is a qualifying conviction for career offender purposes. (Cv. Doc. #2.)  Rather, petitioner argues that his prior

_____

[3]Petitioner relies on Gilbert v. United States, 609 F.3d 1159, (11th Cir. 2010), to support his argument that he is actually innocent of the career offender enhancement; however, the Eleventh Circuit vacated that opinion and reheard the case *en banc*. Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).

convictions for aggravated assault, aggravated battery, and escape do not constitute "crimes of violence", and therefore he does not have a second qualifying conviction for career offender purposes. Id.

A "crime of violence" includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a). In Johnson, the Supreme Court defined "violent felony" as requiring violent force, that is "force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271. The Court concluded that a felony battery offense under Fla. Stat. § 784.039(1)(a), (2) (2003) was not categorically a violent felony. Johnson, 130 S. Ct. at 1272-3. In addition to the statute defining the offense, a court may rely on the description of the underlying facts of the offense contained in the Pre-sentence Report if they have not been challenged by the defendant. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006); United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009).

According to the Pre-sentence Report, petitioner was convicted of aggravated assault and aggravated battery in 1996. (PSR ¶ 49.) The facts of the Pre-sentence Report indicate:

> [T]he defendant intentionally struck [Victim 1] with a vehicle that the defendant was operating. The incident caused serious bodily injury to [Victim 1]. [Victim 1] received medical treatment for broken ribs and several abrasions. The defendant then attempted to run over [Victim 2] with his vehicle. [Victim 2] ran and was able

> to avoid being struck by the vehicle. For [Victim 2's]
> safety, [Victim 2] entered inside another vehicle, which
> the defendant rammed with his vehicle and then fled from
> the scene.

(PSR ¶ 49.) Petitioner did not make a factual objection to the description of his prior offenses. (Cr. Doc. #39, p. 16.) Indeed, petitioner filed a Sentencing Memorandum (Cr. Doc. #25, pp. 3-4) which discussed these facts underlying his prior convictions.

The Eleventh Circuit has held at the generic offense of "aggravated assault" involves a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon. <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1332 (11th Cir. 2010). Under Florida law, an "aggravated assault" is an "assault" committed either with "a deadly weapon without intent to kill" or an assault committed with an intent to commit a felony. Fla. Stat. § 784.021(1)(a), (b) (1996). An "assault" "is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011 (1996). An "aggravated battery" is a "battery" committed by a person who (1) intentionally or knowingly causes great bodily harm, permanent disability, permanent disfigurement; or (2) uses a deadly weapon. Fla. Stat. § 784.045(1)(a) (1996).

Striking a victim with enough force to break the victim's ribs

is sufficient to cause, and actually did cause, physical pain or injury to another person.  Additionally, chasing an individual with a car and intentionally striking another vehicle is sufficient to constitute threatened or actual use of violent force.  It is clear that petitioner's prior conviction for aggravated assault and aggravated battery involved the use or threatened use of violent force and are both a crime of violence under Johnson.

Finally, the Eleventh Circuit has held after Johnson that a conviction for the Florida offense of escape is a violent felony. United States v. Proch, 637 F.3d 1262 (11th Cir. 2011).  The Court concludes that such an escape conviction also qualifies as a crime of violence under the Career Offender provisions of the Sentencing Guidelines.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. # 1; Cr. Doc. #33) is **DISMISSED** as procedurally defaulted, or in the alternative is **DENIED AS WITHOUT MERIT** for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of June, 2012.

JOHN E. STEELE
United States District Judge

Copies: Parties of Record